# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CEDRIC FARLEY,

    Plaintiff,

v.

    Case No: 8:17-cv-867-T-30MAP
    Crim. Case No: 8:11-cr-55-T-30MAP

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

THIS CAUSE comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (2255) (CV Doc. 1) and Memorandum in support (CV Doc. 2), in which he argues his sentence is unconstitutional based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court concludes Petitioner's motion should be denied because the *Johnson* holding is inapplicable to Petitioner's sentence.

## BACKGROUND

Pursuant to a plea agreement, Petitioner entered a guilty plea to (1) possession with intent to distribute 500 grams of more of cocaine, in violation of 21 U.S.C. sections 841(a)(1), (b)(1)(B)(ii) (Count I), and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. sections 922(g), 924(e)(1) (Count II). (CR Docs. 6, 8, 19). On June 29, 2011, Petitioner was sentenced to 262 months' imprisonment on each count, with the terms to run concurrently. (CR Doc. 23).

Petitioner's sentence on Count I was enhanced as a career offender under U.S.S.G. 4B1.1. (PSR at ¶¶ 32, 33, 93). Petitioner's sentence on Count II was imposed pursuant to the Armed Career Criminal Act ("ACCA"), section 924(e)(1). (PSR at ¶¶ 32, 33, 94). Petitioner's career offender and ACCA predicate offenses included: (1) trafficking in cocaine, (2) sale of cocaine, and (3) sale of crack cocaine. (CR Doc. 6, PSR ¶ 32). Petitioner did not file a direct appeal.

On October 7, 2013, Petitioner filed a motion pursuant to section 2255, which was dismissed as time-barred. (CR Docs. 25, 27). On May 2, 2016, Petitioner filed a second or subsequent section 2255 motion requesting relief pursuant to *Johnson*, which the Court dismissed as successive and because *Johnson* did not apply to Petitioner's sentence (CR Doc. 34, 35). Petitioner sought leave from the Eleventh Circuit Court of Appeals to file a second or successive section 2255 motion, which the Eleventh Circuit granted. (CR Doc. 37). Petitioner then filed the instant section 2255 motion and memorandum in support thereof. (CV Docs. 1–2).

## DISCUSSION

Petitioner argues that both his career offender and ACCA sentences are unconstitutional under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the ACCA, section 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. But the Supreme Court specifically stated that *Johnson's* holding did not extend to the remainder of the ACCA. *See Johnson*, 133 S. Ct. at 2563. *Johnson* invalidated only the residual clause of the ACCA.

Petitioner's claim that *Johnson* affected his career offender sentence is meritless because *Johnson* has no bearing on Petitioner's Sentencing Guidelines sentence. *See Beckles v. United States*, ––– U.S. ––––, 137 S.Ct. 886, 890, 197 L.Ed.2d 145 (2017); *United States v. Matchett*, 802 F.3d 1185, 1190 (11th Cir. 2015); and *United States v. Peterkin*, No. 15-15378, 2017 WL 1429091, at *1 (11th Cir. Apr. 24, 2017). Even if *Johnson* did apply, the Court concludes Petitioner still qualifies as a career offender because the predicate offenses (trafficking in cocaine, sale of cocaine, and sale of crack cocaine) to which Petitioner stipulated (Doc. 8) and that are listed in the PSR are controlled substance offenses under U.S.S.G. 4B1.1(a). *United States v. Hill*, 652 F. App'x 835, 836 (11th Cir. 2016) (sale of cocaine qualifies as career offender predicate controlled substance offense). As such, Petitioner's career offender sentence is valid.

Turning to his ACCA sentence, the Court again concludes *Johnson* does not apply. As explained above, *Johnson* determined the ACCA's violent felony residual clause, section 924(e)(2)(B)(ii), was unconstitutional while the remainder of ACCA was constitutional. The predicate offenses (trafficking in cocaine, sale of cocaine, and sale of crack cocaine) to which Petitioner stipulated (Doc. 8) and that are listed in the PSR do not fall within the ambit of the violent felony residual clause; instead, they fall within the definition of a serious drug offense under section 924(e)(2)(A)(ii). *See United States v. Johnson*, 570 F. App'x 852, 857 (11th Cir. 2014) (sale of cocaine under section 893.13(1)(a), Florida Statutes, is a serious drug offense for purposes of the ACCA). As such, *Johnson's* holding does not apply to Petitioner's ACCA sentence that was predicated on serious drug offenses. (PSR at ¶¶ 32, 33, 94).

Because *Johnson* does not apply to Petitioner's career offender sentence, and because Petitioner's ACCA predicate offenses were based on the serious drug offense subsection—and not the invalidated violent felony residual clause—the Court concludes Petitioner's motion should be denied.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (2255) (CV Doc. 1) is DENIED.

2. The Clerk is directed to terminate any pending motions as moot and close this file.

3. The Clerk is further directed to terminate from pending status the motion to vacate found at Doc. 38 in the underlying criminal case, case number 8:11-cr-55-T-30MAP.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of May, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

5