UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CEDRIC FARLEY,

    Petitioner,

v.

                                                                    Case No: 8:17-cv-867-T-30MAP
                                                                    Crim. Case No: 8:11-cr-55-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____

## **ORDER**

THIS CAUSE comes before the Court on Petitioner's Motion for Reconsideration (CV Doc. 6). In the Motion, Petitioner asks the Court to reconsider its Order (CV Doc. 3) denying Petitioner's section 2255 motion because (1) the Court failed to address Petitioner's claims under *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016); and (2) failed to cite to portions of the record demonstrating Petitioner was offered an opportunity to object at sentencing. The Court concludes Petitioner's Motion should be granted in part to address his *Mathis* argument, but the Court declines to address Petitioner's second argument.

In his section 2255 motion and memorandum of law (CV Docs. 1 and 2), Petitioner argues *Mathis* applies to retroactively to cases on collateral review. Petitioner admits, though, that *Mathis* did not announce a new rule of law. With this the Court agrees.

All of that misses the point, though, because Petitioner was not granted the right to bring a second or successive section 2255 motion based on *Mathis.* Rather, the Eleventh

Circuit Court of Appeals granted Petitioner permission to file a second or successive section 2255 motion based on *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015). (CR Doc. 37). This means that in order for Petitioner's *Mathis* claim to be subject to collateral review, he had to first state a viable claim under *Johnson.* He did not. (CV Doc. 3). Thus, this Court did not address his arguments under *Mathis* in its prior order.

But assuming Petitioner did not have to first make out a successful claim under *Johnson*, the Court concludes Petitioner would still not be entitled to relief. First, a claim brought solely under *Mathis* in a section 2255 proceeding would be untimely because—as Petitioner noted—*Mathis* did not announce a new rule. *United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (holding, "Because *Mathis* did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final. Mr. Taylor's petition is time-barred."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *Smith v. United States*, No. CR608-030, 2017 WL 1745057, at *1 (S.D. Ga. May 3, 2017); *Hernandez V. United States*, No. A-09-CR-513(1) LY, 2017 WL 2126877, at *1 (W.D. Tex. May 16, 2017). Second, because *Mathis* did not announce a new rule, any argument based solely on *Mathis* would have been procedurally defaulted when Petitioner did not raise it on direct appeal or in his prior section 2255 motion. *Garcia v. United States*, No. 8:06-CR-111-T-30TGW, 2017 WL 1050125, at *2 (M.D. Fla. Mar. 20, 2017). As such, the Court would have denied Petitioner's section 2255 motion (CV Doc. 1) even if the Court considered Petitioner's *Mathis* arguments.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Petitioner's Motion for Reconsideration (CV Doc. 6) is GRANTED IN PART to the extent that the Court clarifies why Petitioner's arguments under *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), do not entitle him to relief.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of June, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record